CHANCERY.

Case 21.

September 24.

## Reynolds *vs.* Horine.

### ERROR TO JESSAMINE CIRCUIT COURT.

Judge MARSHALL delivered the opinion of the court.

1. A motion for a new trial suspends the judgment. If a verdict in an action of debt be returned against two *defendants,* and the plaintiffs enter a remitter against one, no judgment can be entered against the other without a disposition of the suit, as to the first; and a new trial should be granted.
2. The chancellor has no power to relieve against an *erroneous* judgment at law.

Case stated.

Horine brought a suit at law against Thomas Reynolds and Henry Reynolds on a promissory note for fifty dollars and fifty cents. Each of the defendants filed a plea of *non est factum.* Issues were made up on the pleas, and a jury having tried them, found a verdict for the plaintiff against both of the defendants. A motion for a new trial having been made, the following entry was made upon the record, viz: "The plaintiff here of record remits the benefit of the verdict and judgment thereon as to the defendant Thomas Reynolds;" and, thereupon, the defendants motion for a new trial was overruled. The defendant Henry Reynolds then made a motion to arrest the judgment, and that motion was overruled. He subsequently exhibited his bill in chancery in the present case, in which he sets up and relies upon the aforesaid entry upon the record, as a release of both the defendants from the payment of said judgment. He does not allege or rely upon any other matter to exonerate him in equity from the payment of the demand; but seeks, upon this ground alone, a perpetual injunction against the judgment at law.

The defendant Horine, in his answer, denies that the entry made by him in the suit at law has the legal effect ascribed to it by the complainant, and states that it was made during the pendency of the motion for a new trial upon the suggestion of the court; because the testimony before the jury was deemed insufficient

to sustain the verdict against the defendant Thomas Reynolds, although it was perfectly conclusive against the other defendant.

These allegations, however, are not sustained by any proof, except such as is furnished by the record of the proceedings in the suit at law, and, consequently, the decision of the case must depend upon the legal effect of the entry as it appears in the record.

The motion for a new trial suspended the judgment for the plaintiff, and the entry made upon the record is entitled to the same effect only that it would have had if it had been made upon the return of the verdict before any judgment thereon had been rendered. A remission of the benefit of a verdict against one of two defendants, would operate only as a waiver of the right to a judgment upon the verdict against that defendant, and as no judgment could be rendered against part of the defendants until a disposition of the suit against the others had been made, any judgment upon the verdict against the other defendants, under such circumstances, would be erroneous. We regard the entry made upon the record in this case as an admission that the verdict was wrong as to one of the defendants, and it was therefore abandoned and remitted as to him by the plaintiff. A new trial, then, should have been granted, and it was erroneous to overrule the motion, and thereby make the judgment operative against the other defendant alone. If, however, a new trial had been granted, the suit would still have been pending against both the defendants, and the remission as to one of the defendants, of the benefit of the verdict which had been obtained, would not have operated to discharge him from liability for the debt sued for even in the same suit.

*1. A motion for a new trial suspends the judgment. If a verdict in an action of debt be returned against two defendants, and the plaintiffs enter a remitter against one, no judgment can be entered against the other without a disposition of the suit, as to the first; and a new trial should be granted.*

We are, therefore, of the opinion that it did not operate to release the defendant from liability for the judgment; the judgment was erroneous, but that did not authorize the complainant to apply to a court of chancery for relief.

*2. The chancellor has no power to relieve against an erroneous judgment at law.*

Wherefore the decree dismissing the complainant's bill is affirmed.

*Hewitt & Shanklin,* for plaintiff; *Harlan,* for defendant.